# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY DON VANCE, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-424-JHP-SPS |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,**[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Billy Don Vance, Jr. requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[2]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born June 19, 1959, and was fifty-four years old at the time of the administrative hearing (Tr. 26, 145). He completed one year of college, and has worked as a respiratory therapist (Tr. 19, 169). The claimant alleges inability to work since December 31, 2007 due to severe depression, being a recovering alcoholic and addict, pain in most of his body, rapid heart rate, high blood pressure, inability to cope with the public or have relationships, swelling in his hands and feet, severe headaches, inability to completely bend his right arm, and numbness in arms and legs daily (Tr. 168).

## Procedural History

On June 13, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Doug Gabbard, II, conducted an administrative hearing and determined in a written opinion dated February 14, 2014, that the claimant was disabled beginning January 19, 2014 (when the claimant was within six months of the age of 55), but that he was not disabled prior to January 19, 2014 (Tr. 10-21). The Appeals Council denied review, but this Court reversed in Case No. CIV-14-316-RAW-KEW and remanded for further proceedings (Tr. 393-404). On remand, ALJ Gabbard held a second administrative hearing and again determined in a written opinion dated August 2, 2016, that the claimant was not disabled from December 31, 2007 through

January 18, 2014 (Tr. 299-312).  The Appeals Council again denied review, so ALJ Gabbard's August 2016 opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He found that, from December 31, 2007 through January 18, 2014, the claimant had the residual functional capacity ("RFC") to perform less than the full range of light work, as defined in 20 C.F.R. §§ 404.1567(b) and 4165.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk and sit for six hours in an eight-hour workday, and he could occasionally reach, including overhead, with his right dominant arm.  Additionally, the ALJ determined that the claimant was limited to unskilled work (which needs little or no judgment to do simple duties that can be learned on the job in a short period of time), where his supervision must be simple, direct, and concrete; interpersonal contact with supervisors and co-workers must be incidental to the work performed, *e. g.*, assembly work; and he must have normal, regular work breaks, no fast-paced production line speeds, and no contact with the general public (Tr. 305).  The ALJ thus concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled prior to January 19, 2014, because there was work he could perform, *i. e.*, conveyor line bakery worker (Tr. 309-312).

### Review

The claimant's sole contention of error is that the ALJ erred by improperly weighing the medical evidence, namely, the state agency psychologists' opinions.  The

undersigned Magistrate Judge finds this contention unpersuasive for the following reasons.

The ALJ determined that the claimant had the severe impairments of remote history of acromioclavicular (AC) repair with AC osteoarthritis spurring, remote history of right knee repair with mildly narrowed medial and lateral joint spaces, obesity, affective disorder, anxiety disorder, and substance addiction disorder in remission (Tr. 302). The medical evidence relevant to this appeal reveals that the claimant was prescribed medication for depression by his treating physician (Tr. 481-493).

On August 9, 2012, Dr. Kathleen Ward conducted a mental status examination of the claimant (Tr. 242). Dr. Ward noted that the claimant presented with severe problems in emotional modulation, and stated that he would be encouraged to seek outpatient mental health treatment, noting that he associated anxiety with trauma (Tr. 244). She assessed him with major depressive disorder, generalized anxiety disorder, and bereavement (Tr. 244). Dr. Terry Kilgore conducted a physical examination of the claimant on August 13, 2012, and he also included diagnoses of severe depression and an anxiety disorder, along with history of drug and alcohol abuse, hypertension essential, and an industrial accident with right shoulder, right elbow, and right knee injuries (Tr. 248).

On May 13, 2013, state reviewing physician Edith King, Ph.D., completed a mental RFC assessment of the claimant, indicating that he was moderately limited in the ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, get along with co-workers or peers without

distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting, and that he was markedly limited in the ability to carry out detailed instructions and interact appropriately with the general public (Tr. 255-256). She thus concluded that the claimant could perform simple tasks with routine supervision, relate to peers and supervisors in incidental work settings but could not relate to the general public, adapt to the work setting with moderate difficulty, and that he could benefit from mental health treatment (Tr. 257). This was affirmed upon reconsideration by DKH, Ph.D. (Tr. 62-64).

In his written opinion, the ALJ thoroughly summarized the claimant's testimony, as well as the medical evidence contained in the record. As relevant to this appeal, the ALJ discussed all of the opinion evidence in the record, including the opinions of Dr. Ward and Dr. Kilgore, as well as the state reviewing physicians. The ALJ gave great weight to the opinions of the state agency psychologists, finding the limitations assessed to be supported by the evidence, including evidence related to contact with the public, co-workers, and supervisors, as well as evidence related to the need to perform unskilled work. Noting that the previous ALJ opinion was found lacking in accounting for moderate limitations in concentration, persistence, and pace, the ALJ specifically found here that the moderate difficulties meant that he would require no more than normal, regular work breaks, but that he could not work at fast-paced production line speeds (Tr. 308).

As to the ALJ's assessment, the claimant argues that although the ALJ accounted for task complexity and social interaction, and that he went "further" to address

-6-

persistence and pace, he nevertheless still erred because he failed to adequately account for the claimant's difficulties in maintaining concentration and attention, and in adapting to a work setting.  He asserts first that the ALJ did not mention the limitations with regard to attention and concentration.  As proof, the claimant contends, contrary to the ALJ's express statements, that the RFC only pertains to persistence and pace, not attention and concentration.  In actuality, at step three the ALJ noted the moderate limitations in concentration, persistence, and pace, and summarized the concentration and memory findings from the claimant's mental status examination (Tr. 304).  At step four, the ALJ summarized the claimant's testimony regarding concentration problems, and further noted that the claimant exhibited average intelligence during concentration and memory testing with Dr. Ward (Tr. 306-307, 308).  The ALJ then noted that the case had been sent back, in part, for failing to account for the claimant's moderate difficulties in concentration, persistence, and pace, then stated that he therefore found that the claimant's moderate difficulties meant that he would require no more than normal, regular work breaks, but that he could not work at fast-paced production line speeds.  The ALJ thus determined that the claimant was limited to, *inter alia*, unskilled work (as defined above) where his supervision must be simple, direct, and concrete; and that he must have normal, regular work breaks, no fast-paced production line speeds, and no contact with the general public (Tr. 305).  The Tenth Circuit has stated that an "ALJ's finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."  *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015).  Although

"[t]here may be cases in which an ALJ's limitation to 'unskilled' work does not adequately address a claimant's mental limitations," *Id.*, at 1204, the undersigned Magistrate Judge finds here that the RFC limitations adequately accounted for his moderate limitations.  Specifically, the ALJ limited the claimant to unskilled work, then further clarified that he must have normal, regular work breaks and that he could not perform at fast-paced production line speeds (Tr. 305).  *See Nelson v. Colvin*, 655 Fed. Appx. 626, 629 (10th Cir. 2016) ("Unskilled work does not require . . . the ability to maintain attention and concentration for extended periods, an area in which Dr. Tabor noted a moderate limitation.").

Finally, the claimant contends that the ALJ failed to account for the finding that the claimant could adapt to a work setting with moderate difficulty, representing an interpretation of the finding that the claimant had moderate difficulties in responding appropriately to changes in the work setting.  The claimant asserts, without support, that it "cannot be said with any confidence" that this difficulty does not preclude the one job identified at step five.  *See, e. g.*, *Oliver v. Berryhill*, 2017 WL 5598269, at *5 (D. Kan. Nov. 21, 2017) ("Dr. Mintz opined that Plaintiff had a moderate limitation in adaptation . . . .  This means that Dr. Mintz opined that although limited, Plaintiff was able to function satisfactorily in responding to usual work pressures and changes.").  *See also Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) ("The administrative law judges in *Lee* [*v. Colvin*, 631 Fed. Appx. 538 (10th Cir. 2016)] and in our case did not repeat the moderate limitations assessed by the doctor.  But both administrative law judges

-8-

incorporated these limitations by stating how the claimant was limited in the ability to perform work-related activities.").

The essence of the claimant's appeal here is that the Court should re-weigh the evidence and determine his RFC differently from the Commissioner, which the Court simply cannot do. The ALJ specifically noted every medical record available in this case, *and still concluded* that he could work. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard*, 379 F.3d at 949. *See also Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), citing 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of February, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**